NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

9th Circuit Court–Manchester District Division
No. 2021-0258

MELISSA NATAL

v.

GMPM COMPANY & a.

Submitted: February 17, 2022
Opinion Issued: April 1, 2022

603 Legal Aid, of Concord (Marta A. Hurgin on the brief), for the plaintiff.

Keith Duperron, non-lawyer representative appearing by approval of the Supreme Court under Rule 33(2), on the brief, for the defendant.

DONOVAN, J.  The defendants, GMPM Company and 479 Maple Street, LLC, appeal an order of the Circuit Court (Lyons, J.) granting the petition for wrongful eviction filed by the plaintiff, Melissa Natal.[1]  On appeal, the defendant argues that the circuit court erred by determining that its property was not a "shared facility" as defined by RSA 540-B:1 (2021).  Specifically, the defendant argues that RSA 540-B:1 does not require that an owner occupy the premises, but, rather, only that an owner have access to the common areas for

_____

[1] For the purposes of this appeal, this opinion will refer to GMPM Company and 479 Maple Street, LLC as a singular defendant.

the purposes of cleaning, maintaining, and monitoring the premises. We conclude that, for property to qualify as a shared facility under RSA 540-B:1, the owner must reside at the premises with the occupants. Accordingly, we affirm.

The following facts are supported by the record or are otherwise undisputed. The defendant owns a building located on a parcel of property in Manchester, which it rents for residential purposes (the property). The property is restricted residential property under RSA 540:1-a, II (2021). In December 2020, the defendant leased a room in the building to the plaintiff. The plaintiff's lease provided: "As an occupant at this dwelling you will be living in common with other occupants in a single dwelling unit as a shared facility per NH RSA 540-B . . . ." The lease further stated that "[t]he owner's access will include the cleaning, maintenance, and showing of . . . [the] common areas in the dwelling," including the bathroom and the kitchen.

On May 7, 2021, the police removed the plaintiff from the property at the defendant's request. In requesting the removal, the defendant purported to act pursuant to RSA chapter 540-B, which governs rentals of shared facilities for residential purposes. See RSA 540-B:3, III (2021) (providing that "the owner of a shared facility may terminate any tenancy for . . . material [breach] of any rental agreement" and requiring "[a] written 72-hour notice of termination" in such cases); RSA 540-B:8 (2021) (providing that "the owner of a shared facility may take possession of the separated areas used by the occupant at the end of the notice period" and authorizing the owner to "request law enforcement intervention as necessary").

Thereafter, the plaintiff filed an RSA chapter 540-A petition with the circuit court. The plaintiff alleged, among other things, that the property was not a shared facility and thus RSA chapter 540-B did not provide a basis for the defendant to remove her from the property. The circuit court granted the plaintiff a temporary order allowing her to return to the property and scheduled a final hearing for the following week. At the final hearing, a representative for the defendant testified that the defendant does not occupy or live at the property, but visits the property to clean and conduct maintenance.

Following the hearing, the circuit court issued an order concluding that the defendant wrongfully evicted the plaintiff. The circuit court found that the "testimony was clear" that the defendant "does not occupy the premises but that [the defendant's agent] . . . visit[s] the property to clean and for maintenance." Based upon that finding, the court determined that the property was not a shared facility, and, therefore, RSA chapter 540-B did not provide a basis for the defendant to remove the plaintiff from the property. The court further determined that the plaintiff was "a normal tenant" under RSA chapter 540, which provides protections for tenants of residential property. The court concluded that, by removing the plaintiff from the property without

following the eviction procedures set forth in RSA chapter 540, the defendant violated RSA 540:2, II (2021) and RSA 540-A:3, II (2021).  Accordingly, the court awarded the plaintiff $1,000 in damages.  This appeal followed.

On appeal, the defendant argues that the circuit court misconstrued RSA 540-B:1 by concluding that the property is not a shared facility.  The interpretation of a statute presents a question of law, which we review de novo.  See State v. Pinault, 168 N.H. 28, 31 (2015).  In matters of statutory interpretation, the intent of the legislature is expressed in the words of the statute considered as a whole.  See id.  We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning.  Id.  Further, we interpret legislative intent from the statute as written and will not consider what the legislature might have said or add language the legislature did not see fit to include.  Id.  Finally, we interpret statutes in the context of the overall statutory scheme and not in isolation.  Id.

The defendant contends that the property was a "shared facility," and, therefore, RSA chapter 540-B allowed the defendant to remove the plaintiff from the property after the 72-hour notice period.  We note that RSA chapter 540-B provides for an eviction process separate from the judicial eviction process outlined in RSA chapter 540.  Under RSA 540-B:3, III, the owner of a shared facility may terminate any tenancy for material breach of any rental agreement.  RSA 540-B:3, III.  In such cases, the owner need only provide a written 72-hour notice of eviction.  Id.  "The owner or agent of the owner may take possession" of the property "at the end of the notice period."  RSA 540-B:8.  The owner may request the assistance of law enforcement if necessary.  Id.

The plaintiff, on the other hand, argues that the property was not a shared facility.  In her view, the circuit court correctly concluded that she was "a normal tenant" entitled to the protections for tenants set forth in RSA chapters 540 and 540-A.  Because RSA chapter 540 is "part of the same overall statutory scheme" as RSA chapter 540-A, we examine the definitions of "tenant" set forth in both chapters.  Anderson v. Robitaille, 172 N.H. 20, 23 (2019).  RSA 540-A:1, II defines "tenant" as "a person to whom a landlord rents or leases residential premises."  RSA 540-A:1, II (2021).  RSA 540:1-a, IV provides that "[t]he term 'tenant' or 'tenancy' shall not include occupants" of certain premises and that the provisions of RSA chapter 540 "shall not apply" to those certain premises.  RSA 540:1-a, IV.  As relevant here, RSA 540:1-a, IV(e) specifically excludes the occupants of "[r]esidential real estate under RSA 540-B" from the definition of "tenant."

Accordingly, to resolve the defendant's appeal, we must first determine whether the property was a "shared facility" under RSA 540-B:1.

RSA 540-B:1, I, provides:

> A "shared facility" means real property rented for <u>residential purposes</u> which has separate sleeping areas for each occupant and in which each occupant has access to and <u>shares</u> with the owner of the facility one or more significant portions of the facility <u>in common</u>, such as kitchen, dining area, bathroom, or bathing area, for which the occupant has no rented right of sole personal use.

RSA 540-B:1, I (emphases added).

The parties dispute the meaning of the language in RSA 540-B:1. The defendant argues that nothing in the provision's language requires that the owner "sleep in or occupy" the premises for it to be considered a shared facility. Instead, the defendant maintains that access to the common areas for purposes of cleaning, maintaining, and monitoring the premises fulfills the requirement that the owner "shares . . . significant portions of the facility in common" with the occupants. The plaintiff counters that the term "shares," as used in RSA 540-B:1, requires that the owner live in and use the facility in common with the occupants.

Because the statute does not define the meaning of the terms within RSA 540-B:1, we look to the dictionary for guidance as to the ordinary meaning of those terms. See RSA 21:2; State v. Ruff, 155 N.H. 536, 539 (2007). The verb "share" is defined as "to partake of, use, experience, or enjoy with others: have a portion of <~ a room>." Webster's Third New International Dictionary 2087 (unabridged ed. 2002). Moreover, the term "in common" is defined as "that is shared, experienced, or possessed together or equally." Id. at 458. In light of these definitions, we conclude that the plain meaning of RSA 540-B:1 requires use and enjoyment by both the owner and the occupant of "one or more significant portions of the facility <u>in common</u>." RSA 540-B:1, I (emphasis added). The inclusion of the term "in common" demonstrates that the owner must use and enjoy the common areas of the premises in the same manner as the occupants — namely, "for residential purposes." Id. Because an owner cannot use and enjoy the facilities in the same manner as the occupants without residing at the property, we further conclude that the owner must reside at the premises to qualify as a shared facility under RSA 540-B:1, I.

Accordingly, we conclude that the term "shared facility" as defined by RSA 540-B:1 mandates that the owner of the leased property live in, and share the use and enjoyment of one or more significant portions of, the facility in common with the occupants. Here, the circuit court found that the defendant "does not occupy the premises but that [the defendant's agent] does visit the property to clean and for maintenance." Therefore, the record supports a finding that the defendant did not use or enjoy the common areas of the

premises in the same manner as the occupants. Accordingly, the circuit court did not err by concluding that the property was not a "shared facility" as defined by RSA 540-B:1.

In light of our holding that the defendant's property was not a shared facility, we conclude the circuit court did not err by holding that the plaintiff was "a normal tenant" entitled to the protections set forth in RSA chapters 540 and 540-A. There is no dispute that the plaintiff rented a room from the defendant. See RSA 540-A:1, II. Moreover, the defendant has not developed an argument that any of the other exceptions to the definition of "tenancy" set forth in RSA 540:1-a, IV applied here. See RSA 540:1-a, IV(a)-(h). Therefore, we conclude that the plaintiff was a "tenant" pursuant to RSA chapter 540, and we affirm the circuit court's order on that basis. See RSA 540:1-a, IV; RSA 540-A:1, II.

Finally, the defendant draws our attention to the plaintiff's signed lease, which identifies the property as "a shared facility per NH RSA 540-B." However, the defendant's reliance upon this language is unavailing. RSA 540:28 (2021) provides that "[n]o lease or rental agreement . . . shall contain any provision by which a tenant waives any of his rights under this chapter, and any such waiver shall be null and void." RSA 540:28. By inaccurately classifying the property as a shared facility, the lease deprived the plaintiff of her rights as a tenant, specifically her right to the protections of the eviction process set forth in RSA chapter 540. Accordingly, we conclude that the provision of the parties' lease identifying the property as a shared facility is "null and void." RSA 540:28.

For the foregoing reasons, we affirm the circuit court's order. Any issues that the defendant raised in the notice of appeal, but did not brief, are deemed waived. State v. Bazinet, 170 N.H. 680, 688 (2018).

Affirmed.

MACDONALD, C.J., and HICKS, BASSETT, and HANTZ MARCONI, JJ., concurred.